**Lee HUGHES, Petitioner–Appellant,**

v.

**James A. YATES, Respondent–Appellee.**

**No. 06–16660.**

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2008.*

Filed May 22, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lee Hughes, Coalinga, CA, pro se.

Carolyn D. Phillips, Esq., Fresno, CA, for Petitioner–Appellant.

Brook A. Bennigson, Esq., AGCA—Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: O'SCANNLAIN, HAWKINS, and McKEOWN, Circuit Judges.

MEMORANDUM **

Lee Edward Hughes ("Hughes") appeals the denial of his habeas petition, arguing that he was denied due process by the use of false testimony, and requesting a grant of certificate of appealability on his

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

ineffective assistance claims. We decline to certify his ineffective assistance claims and deny his petition for habeas corpus relief.

## I. Certificate of Appealability

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a certificate of appealability may only issue when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court has rejected the constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

1. *Failing to Prepare Cross–Examination of Prosecution Witnesses*

■ No reasonable jurist could disagree with the district court's conclusion that Hughes's trial defense counsel was not ineffective for failing to impeach witness Satwant Gill's testimony that Hughes walked with a limp with Gill's prior testimony that he did not notice whether Hughes walked with a limp. Counsel's tactical choice was both prudent and understandable. Pointing out this inconsistency would have opened the door to reveal that Hughes does, in fact, walk with a limp—a fact that was never presented at trial. If this course had been followed, Gill's identification of Hughes would have been further bolstered because he testified that Hughes walked with a limp when he entered his store.

■ For the first time on appeal, Hughes argues that counsel was ineffective for failing to impeach Detective Prudhomme's testimony that he received information that the getaway vehicle was a four-door sedan with a witness's description of the vehicle as a two-door sedan. Because this issue was not raised below, the argument is waived. *See Taniguchi v. Schultz,* 303 F.3d 950, 958–59 (9th Cir. 2002) (ineffective assistance claim waived because defendant did not raise it before the district court). Even if this claim were not waived, it fails because the information Detective Prudhomme had or did not have at the time he apprehended Hughes has no bearing on the evidence tending to show Hughes's guilt: that Hughes was driving a vehicle that matched the description from the March 12 robbery, that witnesses identified Hughes, that Hughes first stopped and then sped away when Detective Prudhomme sought to pull over the vehicle, and that Hughes was found with $86 in five and one dollar bills. Accordingly, any such error is harmless.

2. *Failing to Obtain 911 Tapes*

Hughes argues that counsel was ineffective for failing to obtain the 911 tapes that could have been used to impeach Detective Prudhomme's testimony that he heard a vehicle description prior to apprehending Hughes. No reasonable juror could disagree with the district court's conclusion that this error was harmless. Even if counsel had obtained 911 tapes proving that Detective Prudhomme did not have a vehicle description prior to apprehending Hughes, this would not affect the evidence tending to show Hughes's guilt.

3. *Failing to Produce Evidence of Hughes's Limp*

Hughes argues that counsel should have put on evidence that Hughes walked with a limp, because, he argues, it would have been impossible for him to outrun Shawn Horton, who chased him after the March 12 robbery. Evidence that Hughes walked with a limp would have bolstered Gill's identification of Hughes and could have

adversely affected his defense. Thus, counsel's failure to do so was not prejudicial. A reasonable jurist would not find this conclusion debatable.

### 4. *Failure to File Romero Motion*

Hughes did not raise the claim that counsel was ineffective for failing to file a *Romero* motion in his habeas petition, nor did he refer to the claim in his traverse to the government's answer to his petition. Where a petitioner fails to raise an argument at the district court level, he cannot raise it for the first time on appeal unless he meets one of three exceptions: (1) exceptional circumstances as to why the issue was not raised; (2) the new issue arises due to an intervening change in the law; (3) the issue is purely one of law and the opposing party would suffer no prejudice. *Taniguchi*, 303 F.3d at 958–59. No exceptional circumstance exists because petitioner was aware that Hughes's lawyer did not file a *Romero* motion on remand at the time he filed his habeas petition. The issue did not arise due to a change in the law. Finally, the issue is primarily a factual question and not a pure question of law.

Failure to file a *Romero* motion cannot be folded into the failure to investigate a claim. In his traverse to the government's response to his habeas petition, Hughes did not include a single mention of the *Romero* motion issue; he only argued that counsel failed to interview prosecution witnesses and obtain 911 tapes. Even broadly construing his habeas petition, Hughes did not raise anything resembling a *Romero* issue before the district court.

### II. *False Testimony Claim*

Detective Prudhomme testified that he overheard the description of a tan vehicle over the police radio before he pulled the vehicle over. Hughes argues that this testimony could not be true because witnesses to the May 13 robbery did not see the vehicle and that Detective Prudhomme could not have had this information. The government counters that Detective Prudhomme received information about the broadcast that described the May 12 robbery. At the preliminary hearing, Detective Prudhomme stated that he had a description of a vehicle "from the events the prior day," and that the information he received was "radio traffic between various units that [he] overheard in regards to the vehicle . . . ." Hughes argues that Detective Prudhomme testified he received no information about the May 12 robbery until after Hughes was apprehended on May 13, making his testimony that he overheard a description of the vehicle prior to apprehending Hughes false. But Detective Prudhomme's testimony regarding the description of the vehicle was admitted for the purpose of explaining his subsequent conduct rather than for the truth of the matter asserted.

Even where the prosecution knowingly presents false evidence—and there is no evidence that is what occurred here—habeas relief is only available if the evidence is material; that is, if "there is a reasonable likelihood that the false evidence or testimony could have affected the judgment of the jury." *Morris v. Ylst*, 447 F.3d 735, 745 (9th Cir.2006) (citations omitted). If, in spite of any such error, the trial resulted in a "verdict worthy of confidence," the error was not material. *Id.* (quoting *Hall v. Dir. of Corr.*, 343 F.3d 976, 984 (9th Cir.2003) (per curiam)).

Detective Prudhomme's testimony that he received information about the vehicle prior to apprehending Hughes, even if false, is not material. Hughes himself stresses that the reason it matters whether Detective Prudhomme had a description of the vehicle is that "[w]ithout this description Prudhomme had no basis for pulling Mr. Hughes over, and there would

have been no occasion of any witness to view Mr. Hughes, the only black male in the vicinity, handcuffed standing in front of his car." While this may be true, it is a probable cause question, and one that is not before us. Detective Prudhomme's testimony that he received a description of the vehicle in no way impacts whether Hughes in fact committed the robberies. It appears, as the district court noted, that "[t]he jury convicted Petitioner because they believed the witnesses when they testified that Petitioner was the robber." The vehicle description testimony is immaterial, and its admission did not violate clearly established federal law.

## CONCLUSION

For the foregoing reasons, the petition for habeas corpus relief is **DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.